Filed 7/29/15  P. v. Oranje CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID CHRISTOPHER ORANJE,<br><br>    Defendant and Appellant. | A143737<br><br>(Lake County Super. Ct.<br> Nos. CR932786 & 933186) |

Defendant David Christopher Oranje appeals from Lake County Superior Court's orders denying his petitions in two criminal cases for recall of sentence and resentencing pursuant to Penal Code section 1170.18,[1] which went into effect on November 5, 2014, as a part of the passage of Proposition 47.  Defendant's appellate counsel finds no arguable issues and asks this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see also *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*)).  Counsel has informed defendant of his right to file a supplemental brief and defendant has not done so.  Upon review, we conclude there are no arguable issues on appeal and affirm the court's order.

**BACKGROUND**

In June 2013, the Lake County District Attorney filed a complaint against defendant in case number CR932786 that contained two counts of criminal offenses related to allegations that defendant was in unlawful possession of a 2011 Toyota Prius.

---

[1] Further statutory citations are to the Penal Code, unless otherwise indicated.

Soon thereafter, in August 2013, the District Attorney charged defendant in another criminal case involving a separate incident. This was case number CR933186, in which defendant was charged with six counts of criminal offenses related to allegations that he unlawfully took a motorcycle.

In September 2013, defendant entered pleas in both CR932786 and CR933186 at the same hearing. In CR932786, he pleaded no contest to felony violation of section 496d, subdivision (a), receiving or concealing the 2011 Prius.[2] In CR933186, he pleaded no contest to a felony violation of Vehicle Code section 10851, subdivision (a), in that he unlawfully drove the motorcycle without the consent of its owner and with the intent to deprive the owner of possession of it. He stipulated to certain facts that indicated liability. The trial court found factual bases for his pleas, that he understood the nature of the crimes and allegations and the consequences of his pleas and admissions, that he entered his pleas freely and voluntarily, that he knowingly and intelligently waived his constitutional and statutory rights, and accepted his pleas.

In October 2013, the court adjudged defendant guilty of the subject offenses, placed him on probation for three years with standard terms and conditions and suspended imposition of sentences.[3] It ordered him to serve 180 days in county jail in each case, awarded him credits for time served and good conduct of 16 days in CR932786 and 128 days in CR933186, and imposed certain fees and fines. It dismissed the remaining counts in the two cases.

In February 2014 the probation department alleged defendant had violated terms of his probation. His probation was summarily revoked. In April 2014, pending a

---

[2] Defendant's plea form incorrectly refers to count two as alleging a violation of section 496, subdivision (a). Count two actually alleges a violation of section 496d, subdivision (a). In open court, he pleaded no contest to a violation of count two, identified by the court as section 496d, subdivision (a). The court subsequently adjudged him guilty of a violation of that statute.

[3] The court also dismissed another case, CR931192, that is not relevant to this appeal.

2

sentencing hearing, the probation department alleged he had again violated the terms of his probation, this time on March 29, 2014.

The People also filed another complaint against defendant in case number CR935223.[4] On April 21, 2014, he appeared before the court regarding this new case and his probation violations in CR932786 and CR933186. In CR935223, he pleaded no contest to a violation of section 496, subdivision (a) (receiving or concealing stolen property) and stipulated to facts that indicated culpability; in the other two cases, he admitted that he had violated the terms of his probation. The court indicated it was making the findings and orders contained in the plea form,[5] that there was a factual basis for the plea and the admissions, and accepted defendant's plea and admissions.

Subsequently, the court reinstated his probation in CR932786 and CR933186, with the condition that he serve additional time in county jail, which time was to run consecutively, and awarded him time-served and good conduct credits.

In CR935223, the court found defendant guilty of the subject offense, placed him on probation for three years subject to certain terms and conditions and suspended imposition of sentence. It ordered defendant to serve 365 days in the Hill Road Correctional Facility, determined he had no credits, and allowed him to serve this time in day-for-day treatment in a residential treatment program.

In June 2014, the probation department alleged defendant again violated terms of his probation, this time by not reporting an accurate address to the probation department and failing to enter and participate in the Redwood Gospel Mission residential treatment program. On September 26, 2014, defendant's probation was summarily revoked and a bench warrant was issued for his arrest. Four days later, on September 30, 2015, defendant appeared in custody before the court, which ordered that he be held in custody without bail. Defendant subsequently denied that he had violated probation and a contested hearing was scheduled for November 4, 2014.

---

[4] The charging document for this case is not contained in the record.

[5] This particular form is not contained in the record.

At the November 4, 2014 hearing, defendant admitted to probation violations. The court found a factual basis for his admission, that defendant knowingly and intelligently waived his rights, that he understood the nature of the charges and the consequences of his admission, and that he made it freely and voluntarily.[6] The court referred the cases to the probation department for investigation and report, and scheduled a hearing for December 1, 2014, to pronounce judgment and sentencing.

On November 10 and November 12, 2014, defendant petitioned pursuant to section 1170.18 for recall of sentences, reclassification of offenses from felonies to misdemeanors and reduction of sentences in CR932786 and CR933186, and apparently filed a similar petition in CR935223.[7] The court referred the matter to the probation department to determine the dollar value of each item stolen by defendant, believing this was relevant to the classification of his offenses.

The probation department reported to the court that it was unable to contact the victim in CR935223 regarding the value of the subject motorcycle, but that its Kelly Blue Book value if in good condition was $835. The victim in CR932786 submitted a statement that the estimated value of the subject 2011 Prius was $15,000. The victim in CR933186 reported that she paid $50 for the subject motorcycle.

After hearing, the court granted defendant's petition in CR935223 because the stolen property in that case was valued at under $950. It denied his petitions in the other two cases. In CR932786, the court, while it did not disagree with defendant's view that section 496(d) was within the resentencing provisions of section 1170.18, found the value of the 2011 Prius exceeded $950 and on that basis denied the petition. In CR933186, the court concluded section 1170.18's resentencing provisions did not extend to Vehicle Code section 10851, the statutory basis for defendant's conviction.

---

[6] The court also dismissed another case, referred to as "396," that is not relevant to this appeal.

[7] This third petition, for CR935223 is not in the record, but is referred to in a subsequent hearing. Defendant does not appeal from this petition.

At the hearing, defendant also moved in CR933186, pursuant to section 17, subdivision (b), for the court to exercise its discretion and reduce his felony conviction to a misdemeanor because the subject motorcycle was purchased by the victim for $50, was taken for just 15 minutes and was recovered at the scene. The court denied this motion based on defendant's history, which indicated he had stolen three motor vehicles.

The court then announced defendant's sentences, as revised by the court. It permanently revoked probation based on defendant's active participation in the subject crimes and his poor performance on probation. It sentenced defendant to a term in county jail totaling three years and 8 months as follows: In CR932786, the court determined that the aggravating factors outweighed those in mitigation and imposed the upper term of three years in county jail for the violation of section 496d, subdivision (a), designating this the principal term. In case CR933186, the court sentenced defendant to a consecutive term of eight months in county jail for violation of Vehicle Code section 10851, subdivision (a), designating this the subordinate term. In case CR935223, the court sentenced defendant to a term of 365 days, to be served concurrently with the sentences imposed in the other two cases. The court awarded defendant time-served and good conduct credits of 552 days in CR932786, 309 days in CR933186 and 280 days in CR935223. The court ordered defendant to pay the previously imposed fines, fees and reinstitution, and found he had paid the fines and fees in CR933186 and CR935223 based on his excess credits.

Defendant filed timely notices of appeal in CR933186 and CR932786 from the court's order denying his petitions pursuant to section 1170.18 in those cases. The trial court denied his request for a certificate of probable cause.

## DISCUSSION

Assuming for the sake of argument that defendant could proceed with these appeals despite the court's denial of his request for a certificate of probable cause, and upon our independent review of the record, we find no arguable issues.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had

previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).  Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377.  (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)” (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

“Proposition 47 also created a new resentencing provision—section 1170.18. Under section 1170.18, a person ‘currently serving’ a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition to recall that sentence and request resentencing.  (§ 1170.18, subd. (a).)  A person who satisfies the statutory criteria shall have his or her sentence recalled and be ‘resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.’  (*Id*., subd. (b).)” (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

Defendant has appealed from the trial court’s denial of his petitions pursuant to section 1170.18 in CR932786 and CR933186.  Upon our review of the offenses for which he was convicted in those cases, we find no arguable issues that the court erred in denying defendant’s petitions.  The trial court erred in concluding that section 496d was one of the offenses eligible for sentence reduction pursuant to section 1170.18.  It is not. (See *People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1091 [listing the relevant statutes]; *People v. Lynall*, *supra*, 233 Cal.App.4th at p. 1109 [indicating a person must satisfy the statutory criteria].  Nonetheless, the court correctly denied the petition.  The court correctly concluded that Vehicle Code section 10851 was not one of the offenses eligible for sentence reduction pursuant to section 1170.18.

We also find no arguable issues in defendant’s motion, made at the hearing on his petitions, to reduce his offense in CR933186 from a felony to a misdemeanor pursuant to section 17, subdivision (b).  A court has “broad discretion under section 17, subdivision (b) in deciding whether to reduce a wobbler offense to a misdemeanor.” (*People v. Sy* (2014) 223 Cal.App.4th 44, 66.).  We find no arguable issues that the trial court abused

6

its discretion when it denied defendant's motion based on his history of stealing motor vehicles.

We also find no arguable issues with the court's resentencing.

## DISPOSITION

We have reviewed the record and considered defendant's issues in accordance with our obligations under *Wende*, *Anders* and *Kelly*. We find no arguable issues on appeal. The court's orders appealed from are affirmed.

_____
STEWART, J.

We concur.


_____
KLINE, P. J.


_____
MILLER, J.

*People v. Oranje* (A143737)