Filed 1/29/15

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA


SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE LYNALL,<br><br>    Defendant and Appellant. | H041737<br>(Santa Cruz County<br>Super. Ct. No. F27697) |

In this case, as in the companion case of *People v. Rivera* (2015) __ Cal.App.4th __ (*Rivera*), we review the effect, if any, of recently enacted Proposition 47, the Safe Neighborhoods and Schools Act, on appellate jurisdiction.

In *Rivera*, after the court imposed a felony sentence, the defendant petitioned to have his sentence recalled and to be resentenced as a misdemeanant pursuant to Penal Code section 1170.18, which the voters enacted as part of Proposition 47. (Further undesignated statutory references are to the Penal Code.) Rivera also asked the court to designate his conviction a misdemeanor under section 1170.18. The trial court granted his requests. (*Rivera*, *supra*, __ Cal.App.4th at pp. __.) The question presented in *Rivera* is whether the case is a felony case or a misdemeanor case for the purpose of appellate jurisdiction. The question arises because section 1170.18, subdivision (k) provides that "[a]ny felony conviction that is recalled and resentenced . . . or designated as a

misdemeanor under [that section] *shall be considered a misdemeanor for all purposes*." (Italics added.)

In *Rivera*, we held that nothing in Proposition 47, including the provision that the conviction "shall be considered a misdemeanor for all purposes," alters existing rules regarding appellate jurisdiction. If the defendant was charged with at least one felony in an information, an indictment, or in a complaint that has been certified to the superior court under section 859a, it is a felony case and appellate jurisdiction properly lies with this court, regardless of the outcome on the felony charge. (*Rivera*, *supra*, __ Cal.App.4th at pp.__.)

The procedural context here is different from that in *Rivera*. This case does not involve either resentencing or the designation of a prior felony conviction as a misdemeanor under section 1170.18. In this case, prior to the passage of Proposition 47, the prosecution charged defendant David Lee Lynall with a felony violation of Health and Safety Code section 11377 (possession of a controlled substance) in a complaint that the parties stipulated would serve as the information after defendant was held to answer. With the passage of Proposition 47 on November 4, 2014, violations of Health and Safety Code section 11377 became misdemeanors. Thereafter, as part of a plea agreement, the parties agreed that defendant's charge would be reduced to a misdemeanor pursuant to Proposition 47. Defendant was convicted by plea and the court imposed a 24-month conditional sentence with Proposition 36 probation. Like *Rivera*, we must determine whether this is a felony case or a misdemeanor case for the purpose of appellate jurisdiction.

As in *Rivera*, we identified the appellate jurisdictional question on our own motion and asked the parties to brief the issue. Both parties agree that this case is a felony case and that this court, as opposed to the appellate division of the superior court, has jurisdiction over Lynall's appeal. We agree with the parties. We hold that appellate jurisdiction in cases where a defendant is charged with a felony in an information, an

2

indictment, or in a complaint that has been certified to the superior court under section 859a lies with the Court of Appeal, even if Proposition 47 subsequently reduced the charged offense to a misdemeanor.

## FACTS

The facts are based on evidence presented at the preliminary hearing. In September 2014, Santa Cruz County Sheriff Deputy Stephen Ragusano received a complaint from a motorcycle shop that several people were camping illegally in the wooded ravine behind the shop and "leaving feces in that area." Deputy Ragusano met with the reporting party, who showed him an area adjacent to the shop's parking lot where the campers were located. According to Deputy Ragusano, it was not a public camp ground and no one was allowed to camp there. The reporting party asked Deputy Ragusano to patrol the area and to ask the campers to "move along."

On October 1, 2014, at night, Deputy Ragusano chased a suspect in a "strong-armed robbery" into the wooded area behind the motorcycle shop and lost contact with him. On October 5, 2014, Deputy Ragusano and two other deputies patrolled the wooded area. Deputy Ragusano saw three tents in a clearing in the ravine. The deputies announced their presence and asked the campers to come out of their tents. Defendant emerged from one of the tents. Deputy Ragusano testified that defendant resembled the robbery suspect he had chased into the ravine a few days earlier. Deputy Ragusano asked defendant for his name and date of birth, which defendant provided. Deputy Ragusano then asked his dispatcher to run a status check to determine whether defendant had any warrants. The dispatcher reported that defendant was a "parolee at large," which means defendant had absconded from parole supervision. The dispatcher also reported that there was an active parole warrant for his arrest. Deputy Ragusano confirmed the warrant, placed defendant in handcuffs, and then searched his tent.

3

Inside the tent, Deputy Ragusano found: (1) a glass pipe with burn marks, (2) a "loaded syringe" with a liquid substance that tested presumptively positive for methamphetamine; (3) a small glass container with a wet cotton swab inside that tested presumptively positive for methamphetamine, (4) three knives, and (5) a 15-inch billy club. Deputy Ragusano testified that there was a usable amount of methamphetamine both in the syringe and on the cotton swab.

Parole Agent Jeffrey Clark testified that on October 5, 2014, defendant was on active parole with search terms, that defendant had absconded from parole in Pasadena, and that a court had issued a parole warrant for his arrest on September 17, 2014.

### PROCEDURAL HISTORY

The prosecution filed a complaint that charged defendant with one felony count of possession of methamphetamine (Health & Saf. Code, § 11377, count 1), with an enhancement allegation that he had served two prior prison terms (§ 667.5, subd. (b)). The prosecution also charged defendant with one misdemeanor count of unlawful possession of a billy club (§ 22210, count 2) and one misdemeanor count of possession of an injection or smoking device (Health & Saf. Code, § 11364.1, subd. (a), count 3).

Initially, defendant pleaded not guilty to all counts and denied the enhancement allegation. Defendant then filed a motion to suppress the evidence obtained in the search of his tent. The prosecution opposed the motion.

On November 4, 2014, the court conducted a preliminary hearing. The court also took evidence and heard argument on the motion to suppress. At the end of the preliminary hearing, the court held defendant to answer and denied the motion to suppress. The court observed that if Proposition 47 passed in the general election that day, then Health and Safety Code section 11377 would be amended prospectively the following day. The parties then stipulated that the complaint would serve as the information. Defendant was therefore charged with at least one felony in an information.

4

Defendant was arraigned on the information. He pleaded not guilty to all counts and denied the enhancement allegation. The court set the matter, along with three other cases defendant had pending,[1] for a trial setting conference on November 6, 2014, two days after the election.

At the trial setting conference, the parties entered into a negotiated disposition. Both counsel agreed that in light of the passage of Proposition 47, the felony charged in count 1 (possession of methamphetamine, Health & Saf. Code, § 11377) "is now, by operation of law, a misdemeanor." The court amended the information to reflect "Count 1, as a misdemeanor, pursuant to Proposition 47," and struck the enhancement allegation. Defendant pleaded guilty to count 1. On the prosecution's motion, the court dismissed the misdemeanor charges in counts 2 and 3. The court then suspended imposition of sentence and imposed a 24-month conditional sentence with Proposition 36 probation.

On November 6, 2014, defendant also pleaded guilty in the petty theft case (M81505), and the court found probation violations in the other two cases (M27331 and F26937) based on defendant's conviction in this case.

Defendant filed his notice of appeal on the Judicial Council form for misdemeanor appeals and the case was assigned a case number in the appellate division of the superior court. The superior court clerk decided the appeal belonged in this court, and sent the notice of appeal here. On December 11, 2014, before counsel was appointed, we asked the parties to brief the question whether this court has jurisdiction to hear the appeal or whether the appeal should be transferred to the appellate division of the superior court. Our order referred the parties to section 1170.18, subdivision (k) and our decision in

---

[1] The court also set (1) misdemeanor case number M81505, in which defendant was charged with petty theft (§ 484) at a grocery store, for trial setting; (2) misdemeanor case number M27331, in which defendant was convicted of domestic violence (§ 273.5), for "probation violation setting," and (3) felony case number F26937, in which defendant was convicted of possession of controlled substances (Health & Saf. Code, § 11377), for "probation violation setting."

5

*People v. Morales* (2014) 224 Cal.App.4th 1587 (*Morales*).  In their letter briefs, both parties assert that this court, not the appellate division of the superior court, has appellate jurisdiction in this case.  We agree.

**DISCUSSION**

***Pertinent Provisions from Proposition 47***

The voters enacted Proposition 47 on November 4, 2014.  It went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  Proposition 47:  (1) added Chapter 33 to the Government Code (section 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377.  (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)  Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).

Relevant here, Proposition 47 amended Health and Safety Code section 11377. Prior to that amendment, possession of controlled substances in violation of Health and Safety Code section 11377 was a wobbler.  (Health & Saf. Code, former § 11377; *In re Manzy W.* (1997) 14 Cal.4th 1199, 1210.)  "By making violation of Health and Safety Code section 11377, subdivision (a), a wobbler, the Legislature [had] determined that either a misdemeanor or a felony punishment may be appropriate in the discretion of the sentencing court.  The Legislature has also granted [trial courts] broad authority under the express terms of section 17[, subdivision ](b) to make that determination."  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 980-981.)

As amended by Proposition 47, Health and Safety Code section 11377 now provides that a violation of that section is a misdemeanor, unless the defendant "has one

6

or more prior convictions" for an offense specified in section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as " 'super strike' offenses"—or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c).  Such defendants "may instead be punished pursuant to subdivision (h) of Section 1170 . . . ."  (Section 1170, subdivision (h) sets forth rules regarding the sentencing of felony offenders under the Criminal Justice Realignment Act of 2011.)

As we observed in *Rivera*, Proposition 47 also created a new resentencing provision—section 1170.18.  Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition to recall that sentence and request resentencing.  (§ 1170.18, subd. (a).)  A person who satisfies the statutory criteria shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.* subd. (b).)  Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application to have their felony convictions "designated as misdemeanors."  (§ 1170.18, subds. (f)-(h).)  Section 1170.18, subdivision (k) provides in part that "[a]ny felony conviction that is recalled and resentenced . . . or designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes."

### *Statutes and Rules Governing Appeals*

Generally speaking, in criminal cases, the Courts of Appeal have "appellate jurisdiction over appealable orders from 'felony case[s]' " and "the appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from 'misdemeanor case[s].' " (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 (*Nickerson*), citing §§ 1235, subd. (a), 1466, and Cal. Const., art. VI, § 11.)

7

Section 691 defines a "felony case" as "a criminal action in which a *felony is charged* and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f), italics added.) " 'Misdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction is charged and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subd. (g).)

Section 17, subdivision (a) defines the terms "felony" and "misdemeanor." It provides that a "felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."

Section 17, subdivision (b) provides, in relevant part, that a crime that is punishable alternatively as a felony or a misdemeanor (a wobbler), "*is a misdemeanor for all purposes* under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. [¶] [¶] (3) *When the court grants probation to a defendant without imposition of sentence and at the time of granting probation*, or on application of the defendant or probation officer thereafter, *the court declares the offense to be a misdemeanor*." (Italics added.) Since defendant was granted probation without imposition of sentence and the court subsequently declared his offense a misdemeanor, does section 17, subdivision (b) make this a misdemeanor case for the purpose of determining which court has appellate jurisdiction? As we shall explain, it does not.

The California Supreme Court has held that under section 17, an offense that is punishable alternatively as a felony or a misdemeanor is "a felony for every purpose up to judgment" and if it is subsequently declared a misdemeanor, "it is deemed a misdemeanor for all purposes thereafter—the judgment not to have a retroactive effect

8

. . .' " (*People v. Banks* (1959) 53 Cal.2d 370, 381-382; *People v. Feyrer* (2010) 48 Cal.4th 426 (*Feyrer*) ["When a defendant is convicted . . . of a wobbler . . . his or her offense is '*deemed* a felony' unless subsequently 'reduced to a misdemeanor by the sentencing court' "; if a "misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively"].)

California Rules of Court, rule 8.304(a) (all further rules citations are to the Rules of Court) provides in part: "To appeal from a judgment or an appealable order of the superior court in a felony case . . . the defendant or the People must file a notice of appeal in that superior court. . . . [¶] (2) As used in (1), 'felony case' means any criminal action in which *a felony is charged, regardless of the outcome.* A felony is 'charged' when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under . . . section 859a. A felony case includes an action in which the defendant is charged with: [¶] (A) A felony and a misdemeanor or infraction, but is convicted of only the misdemeanor or infraction; [¶] (B) A felony, but is convicted of only a lesser offense; or [¶] (C) *An offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b).*" (Italics added.)

Applying this authority, we hold that this case is a "felony case" for the purpose of appellate jurisdiction. Section 691 defines a "felony case" as "a criminal action in which a felony is charged," including a case like this where the defendant is charged with a misdemeanor in conjunction with a felony. Rule 8.304 provides that a felony is "charged" for the purpose of determining appellate jurisdiction "when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under . . . section 859a." Even though defendant's offense was a wobbler, it was charged as a felony in an information and remained a felony when the court suspended imposition of sentence and granted a conditional sentence with Proposition 36 probation. (*Feyrer*, *supra*, 48 Cal.4th at pp.

9

438-439.) Since under section 691 and rule 8.304 we look at how the offense was charged to determine appellate jurisdiction, the court's later declaration that the offense was a misdemeanor under Proposition 47 does not retroactively convert this case from a felony case to a misdemeanor case for the purpose of appellate jurisdiction. (*Feyrer*, *supra*, 48 Cal.4th at pp. 438-439.)

In the companion case, *Rivera*, we described our previous decision in *Morales*, *supra*, 224 Cal.App.4th 1587, as well as the holdings in *Nickerson*, *supra*, 128 Cal.App.4th 33 and *People v. Scott* (2013) 221 Cal.App.4th 525. (*Rivera*, *supra*, __ Cal.App.4th at pp. __.) We need not reiterate that discussion here, except to note that the procedural facts here closely resemble those in *Morales* and that this case, like *Morales*, is therefore distinguishable from *Scott* and *Nickerson*.

In summary, we hold that since defendant was charged with a felony in the complaint and the parties agreed that the complaint would be deemed the information for the purpose of initiating felony proceedings in the superior court, this case is a felony case for the purpose of appellate jurisdiction and the appeal lies in this court. Although defendant's offense was ultimately reduced to a misdemeanor as part of plea negotiations and declared a misdemeanor by the trial court, it still meets the rule 8.304(a)(2)(C) definition of a felony case.

That defendant erroneously filed his notice of appeal on the Judicial Council form for misdemeanor appeals does not alter our conclusions. (See *Morales*, *supra*, 224 Cal.App.4th at pp. 1593, 1599 [although the defendant's notice of appeal was filed on the form for misdemeanor appeals, the case was a felony case for the purpose of appellate jurisdiction]; but see *Scott*, *supra*, 221 Cal.App.4th at p. 533 [appellate court considered forms used to initiate appeal in determining that case was a misdemeanor case].)

Nothing in this opinion should be understood as expressing an opinion about the merits of any issues the parties may raise when they file their briefs on appeal.

10

**DISPOSITION**

Appellate jurisdiction properly lies with this court.  The appeal will proceed on the merits in this court.

_____

Márquez, J.

WE CONCUR:


_____

 Rushing, P. J.




_____

 Premo, J.




No. H041737
People v. Lynall

Trial Court:                                    Santa Cruz County
                                                Superior Court No.:  F27697

Trial Judge:                                    The Honorable Stephen S. Siegel


Attorney for Defendant and Appellant           Jonathan Grossman
David Lee Lynall:                              under appointment by the Court of
                                                Appeal for Appellant




Attorneys for Plaintiff and Respondent         Kamala D. Harris,
The People:                                     Attorney General

                                                Catherine A. Rivlin,
                                                Supervising Deputy Attorney General

People v. Lynall
H041737