Filed 6/10/15  P. v. Wilkinson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID WILKINSON,<br><br>        Defendant and Appellant. | B258264<br><br>(Los Angeles County<br> Super. Ct. Nos. SA074471, SA076443) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark E. Windham, Judge.  Affirmed.

Sarah Ann Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant David Wilkinson was charged with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), as well as having served two prior prison terms and having nine prior felony convictions (Pen. Code, §§ 667.5, subd. (b), 1203, subd. (e)(4)) (the 2010 case No. SA074471). On June 29, 2010, defendant entered a no contest plea, admitting the charged felony and two prior prison term enhancements. Defendant was sentenced to five years in state prison, consisting of the upper term of three years for the drug possession, and two years for the prison priors. The court suspended the execution of sentence and placed defendant on three years formal probation, on the condition that he participate in a 180-day residential treatment program, among other conditions. Defendant violated the terms of his probation three times, and his probation was revoked and reinstated each time. The trial court also extended defendant's probation by 12 months.

On January 13, 2011, defendant was charged with a new count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), as well as having served two prior prison terms and having 10 prior felony convictions (Pen. Code, §§ 667.5, subd. (b), 1203, subd. (e)(4)) (the 2011 case No. SA076443). On February 15, 2011, defendant entered a no contest plea and admitted one prison prior. On August 22, 2011, the trial court sentenced defendant to four years in state prison, consisting of the upper term of three years for the drug possession and one year for the enhancement. Once again, execution of sentence was suspended and defendant again was placed on three years formal probation. Defendant twice violated the terms of probation, and twice his probation was revoked and reinstated.

Defendant picked up another case, SA087288 (which is not at issue in this appeal). On July 30, 2014, the trial court conducted a preliminary hearing in the new case, a probation violation hearing for the 2010 and 2011 cases, and heard and denied defendant's *Marsden*[1] motion concerning his representation in the 2010 and 2011 cases. The trial court provisionally found defendant to be in violation of his probation, but put the matter over so

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

that more evidence could be presented. On August 13, 2014, the trial court continued the probation violation hearing as to defendant's 2010 and 2011 cases. Defendant addressed the court, and the trial court concluded that defendant violated his probation by being arrested on another drug possession charge. The trial court imposed the previously suspended sentences in the 2010 and 2011 cases, ordered them to be served concurrently in the county jail (Pen. Code, § 1170, subd. (h)), and gave defendant custody credit of 548 days for the 2010 case, and 655 days for the 2011 case.

On December 5, 2014, defendant's convictions were reduced to misdemeanors under the newly enacted Proposition 47, and defendant was resentenced to one year in county jail. Having served more than that amount of time, he was ordered released. (See Cal. Const., art. II, § 10, subd. (a); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Defendant timely appealed post-plea matters not requiring a certificate of probable cause. We appointed appellate counsel to represent him. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The brief included a declaration that counsel reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared that she advised defendant of his right, under *Wende*, to submit a supplemental brief. Defendant did not file a supplemental brief with this court.

We have examined the entire record, consisting of three volumes of a clerk's transcript, three volumes of a reporter's transcript, and the sealed *Marsden* transcript, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm the judgment below.

**DISPOSITION**

The judgment is affirmed.


GRIMES, J.

WE CONCUR:


RUBIN, Acting P. J.                                    FLIER, J.


3