Filed 7/27/15  P. v. Aguirre CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065887 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS269591) |
| ALEJANDRO AGUIRRE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Melissa Mandel and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

Alejandro Aguirre contends he is entitled under Proposition 47 to automatic reduction of his commercial burglary conviction from a felony to a misdemeanor. We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

During regular business hours on January 8, 2014, defendant entered a Walmart store in Chula Vista with the intent to steal a security camera system valued at approximately $200. Defendant apologized for the incident, explaining he needed the merchandize to sell to others in order to survive.

On March 20, 2014, a jury convicted defendant of commercial burglary. (Pen. Code, § 459.)[1] On April 24, defendant was sentenced to the middle term of two years in local confinement, with one month suspended and ordered to be served under mandatory supervision pursuant to section 1170, subdivision (h)(5)(B). The court imposed various fines and penalties, including victim restitution in the amount of $214.92.

DISCUSSION

On November 4, 2014, while this appeal was pending, California voters approved the Safe Neighborhoods and Schools Act (Proposition 47). (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 1, p. 70.)[2] It became effective the next day. (Cal.

---

[1] All subsequent unspecified statutory references are to the Penal Code.

[2] We grant the People's unopposed request to take judicial notice of the Official Voter Information Guide for the California General Election of November 4, 2014.

Const., art. II, § 10, subd. (a).)  Proposition 47 reclassified certain nonserious, nonviolent theft- and drug-related crimes from felonies to misdemeanors unless the defendant had convictions for specified violent or serious crimes.  It also established a procedure for qualifying defendants to petition for recall and modification of their prior convictions and sentences.

Among its reclassifying provisions, Proposition 47 added a new crime, shoplifting. The crime is defined as ". . . entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be take does not exceed nine hundred fifty dollars ($950) . . . ."  (§ 459.5, subd. (a).)

The newly enacted statute also provides the act of shoplifting shall be charged as shoplifting unless the defendant has a disqualifying prior conviction (i.e., a conviction for an offense listed in § 667, subd. (e)(2)(C)) or a sex offense requiring registration pursuant to section 290, subdivision (c), and a defendant may not be charged with burglary or theft of the same property.  (§ 459.5, subds. (a), (b).)

Proposition 47 also created a new resentencing provision—section 1170.18.  It provides that "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition to recall that sentence and request resentencing.  (§ 1170.18, subd. (a).)  A person who satisfies the statutory criteria shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an

3

unreasonable risk of danger to public safety.' (*Id.*, subd. (b)." (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

Appellant correctly notes that his conviction for commercial burglary is now classified as a misdemeanor, since the value of the property he took did not exceed $950. He also contends that, because his case was not final when Proposition 47 became effective, it applies retroactively to him and thus he is automatically entitled to resentencing under section 459.5 and is not required to utilize the resentencing procedure established in section 1170.18.[3]

The People do not dispute appellant is currently serving a felony sentence for an offense that is now a misdemeanor and that he may be eligible for resentencing. But the People contend defendant's remedy is limited to the procedure established in section 1170.18. We agree with the People.

Recently, our court considered this exact issue in *People v. DeHoyos* (2015) __ Cal.App.4th __ [2015 Cal.App. LEXIS 582]. There, we examined Proposition 47, relevant statutes and the ballot arguments and concluded Proposition 47 does not apply retroactively. We also determined that to be considered for resentencing, a defendant such as Aguirre must utilize the recall procedure specified in section 1170.18.

---

[3] The California Supreme Court is currently reviewing the analogous issue: Does the Three Strikes Reform Act of 2012 (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)), which reduces punishment for certain nonviolent third-strike offenders, apply retroactively to a defendant who was sentenced before the Act's effective date but whose judgment was not final until after that date? (*People v. Conley*, review granted Aug. 14, 2013, S211275.)

4

We agree with our court's rationale in *DeHoyos*, and find it controls here.

DISPOSITION

The judgment is affirmed.


                                                            HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McDONALD, J.