Filed 9/11/15  P. v. Bell CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEXIS R. BELL,<br><br>    Defendant and Appellant. | B262613<br><br>(Los Angeles County<br>Super. Ct. No. BA102302) |

        APPEAL from an order of the Superior Court of Los Angeles County,
James R. Dabney, Judge.  Affirmed.

        Trenton C. Packer, under appointment by the Court of Appeal, for Defendant
and Appellant.

        No appearance for Plaintiff and Respondent.

Defendant and appellant Alexis R. Bell appeals from an order denying a petition for resentencing under Proposition 47 (Pen. Code, § 1170.18).[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 1994, Bell was convicted of first degree residential burglary. (§ 459.) On January 9, 2015, Bell filed a petition for a reduction of the offense to a misdemeanor, under Proposition 47. On January 30, 2015, the trial court denied Bell's petition because the felony conviction is not for an offense that qualifies for designation as a misdemeanor under Proposition 47.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues and which asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated June 19, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. Appellant has not filed a brief or letter.

Proposition 47 reduces certain drug and theft offenses to misdemeanors, unless committed by ineligible defendants. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 thus provides, in part: "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) None of those sections apply to the crime of first degree burglary. Therefore, Bell is not eligible for resentencing as a misdemeanant under section 1170.18.

---

[1] All further undesignated statutory references are to the Penal Code.

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

We concur:

EDMON, P. J.

JONES, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.