Filed 10/15/15  P. v. Arvizu CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONALD EDWARD ARVIZU,<br><br>    Defendant and Appellant. | D067503<br><br><br><br>(Super. Ct. No. JCF28330) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Reversed and remanded with directions to resentence.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, Donald Edward Arvizu pleaded guilty to one felony count of receiving stolen property.  (Pen. Code,[1] § 496, subd. (a).)  The superior court sentenced Arvizu to 365 days in county jail and three years formal probation.

In January 2015, Arvizu unsuccessfully petitioned to have his felony conviction converted to a misdemeanor under Proposition 47.  In his petition, Arvizu argued his violation of section 496 should be characterized as a misdemeanor because the value of the stolen property was less than $950.  The trial court, however, found Arvizu was not entitled to relief because the value of the property was $2,000.

On appeal Arvizu argues he is eligible for resentencing because the record of conviction does not show the value of the stolen property exceeded $950 and the trial court abused its discretion by admitting evidence that showed otherwise.  Because there was not a sufficient evidentiary foundation to support the trial court's finding that the property was worth $2,000, we reverse the court's order denying Arvizu's petition and remand with directions to resentence.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, Calexico police officer Steven Garcia saw Arvizu exit a church parking lot with a purse in his hand.  When Garcia approached Arvizu, Arvizu attempted to hide the purse under a parked car.  Garcia arrested Arvizu and retrieved the purse, which contained pieces of broken glass.  Another officer, Officer Navarro, located a car

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

in the parking lot with a broken window. The officers could not locate the owner of the car and left the scene.

When the driver of the car, Adrianna Lopez, returned she noticed the car window was broken and the purse she left inside was missing. Lopez contacted police and reported that her car had been broken into and her purse stolen. Later, Officer Garcia contacted Lopez, who told him her purse contained $160, several credit cards and her passport. Lopez also told Garcia the purse and its contents were worth $2,000.

Arvizu was originally charged by felony complaint with burglary of a motor vehicle (§ 459, count 1) and receiving stolen property (§ 496, subd. (a); count 2). He waived his right to a jury trial and entered a guilty plea to receiving stolen property (§ 496, subd. (a)). The change of plea form indicated the parties stipulated to the factual basis for the plea, and at the time Arvizu entered his plea, the trial court stated: "There is a factual legal basis for the plea." The court, however, did not provide a description of the property stolen or assign a value.

After Arvizu entered the plea, a probation officer contacted Lopez to determine the value of the purse in advance of the sentencing hearing. Lopez told the probation officer she had to dispose of the purse because of damage caused by the broken glass. Lopez also told the officer the purse was worth $50 and that was the total amount she was requesting as restitution.

At the sentencing hearing, the court sentenced Arvizu to 365 days in county jail and three years probation. The court ordered Arvizu to pay $50 in restitution to Lopez, in addition to $200 for the broken car window.

In January 2015, Arvizu filed a petition for resentencing under Proposition 47 to convert his conviction to a misdemeanor. Arvizu argued he was eligible for resentencing because the value of the property he stole was less than $950. At the resentencing hearing, Arvizu argued that the specified detailed losses as outlined by Lopez to the probation officer were $410. The trial court, however, relied on the $2,000 figure contained in the probation report and denied Arvizu's petition.

## DISCUSSION

Arvizu asserts the trial court abused its discretion by relying on inadmissible hearsay contained in a probation officer's report to deny Arvizu's petition. The Attorney General contends Arvizu's hearsay objection is forfeited because he failed to raise the issue in the trial court. Further, even if the probation report constitutes hearsay, the trial court did not err by considering the report because evidentiary boundaries are less rigorous at sentencing hearings.

## I

Proposition 47 amended various provisions of the Penal and Health and Safety Codes to reduce specified drug and theft offenses, including section 496, to misdemeanors unless the crime is committed by an ineligible defendant. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) As amended by Proposition 47, section 496 mandates that the offense of receiving stolen property be characterized as a misdemeanor where the value of the property does not exceed $950. (See §§ 496, 1170.18, subd. (a).)

Proposition 47 also added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who

4

would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing. (§ 1170.18, subd. (a).)

We review the trial court's ruling to admit hearsay evidence under the deferential abuse of discretion standard (*People v. Alvarez* (1996) 14 Cal.4th 155, 201), but review the trial court's underlying factual determination for substantial evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1036.)

## II

The Attorney General contends Arvizu forfeited his right to complain about the trial court's consideration of the probation report because Arvizu failed to object at the time the evidence in question was presented.

To encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts require parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) The purpose of the waiver rule is to ensure the error is brought to the attention of the trial court, both parties are heard on the issue, and the trial court has an opportunity to correct the error before issuing a final judgment. (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

In this case, at the resentencing hearing, defense counsel argued that the value of the property Arvizu unlawfully received was worth significantly less than $950. By arguing that the value of the property was well less than $950, Arvizu's counsel was in effect objecting to the $2,000 figure contained in the probation report. Defense counsel's

failure to say the word objection does not preclude Arvizu from raising the issue on appeal. Defense counsel's argument as to the true value of the property taken was an attack on the reliability of the $2,000 amount listed in the probation report. In other words, counsel raised the issue of the value of the purse with the superior court, allowed the People to address the issue, and provided the superior court with the opportunity to resolve the issue. Arvizu's contention that there is no foundation for the $2,000 figure contained in the probation report has remained constant and Arvizu is not precluded from raising the issue on appeal.

III

Arvizu argues the trial court abused its discretion by relying on inadmissible hearsay contained in a probation officer's report to deny his petition. The Attorney General concedes the report contained hearsay, but asserts the trial court was permitted to consider it because evidentiary boundaries are less rigorous at sentencing hearings. In response to the Attorney General's argument, Arvizu contends that, even if the trial court could properly consider hearsay evidence in its determination, it could not rely on Lopez's statement that the stolen property was worth $2,000 because there was no evidentiary foundation for this figure.

When deciding whether evidentiary error is reversible error, the reviewing court must determine whether the trial court's exercise of discretion in admitting or excluding the evidence was so arbitrary or absurd as to create a miscarriage of justice. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.) Further, the trial court must exercise its discretion within the parameters of the evidentiary rules requiring a foundation be

6

established for the evidence offered, and in consideration of all the relevant circumstances. (*Ibid.*) Even if such an abuse of discretion is found, reversal is not warranted unless it is reasonably probable that a more favorable result would have occurred had the evidence been excluded. (*Id.* at p. 1125*, citing People v. Watson* (1956) 46 Cal.2d 818, 836.)

As the Attorney General asserts, sentencing judges have virtually unlimited discretion as to the kind of information they can consider and the source from which it comes. (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1275; see *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1128 [sentencing judges may consider responsible unsworn or out-of-court statements concerning the convicted person's life and characteristics and may receive evidence that might otherwise not be admissible at trial].) "Fundamental fairness, however, requires that there be a substantial basis for believing the information is reliable." (*People v. Lamb* (1999) 76 Cal.App.4th 664, 683.)

"Although not all the procedural safeguards required at trial also apply in a sentencing or probation hearing, such a hearing violates due process if it is fundamentally unfair." (*People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080.) "Reliability of the information considered by the court is the key issue in determining fundamental fairness" in this context. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754-755.) "A court's reliance, in its sentencing and probation decisions, on factually erroneous sentencing reports or other incorrect or unreliable information can constitute a denial of due process." (*Eckley, supra*, at p. 1080.)

7

In *Eckley, supra,* 123 Cal.App.4th 1072*,* the defendant was charged with child abuse based upon her misguided treatment of her children for food poisoning.  The evidence at trial established that the children, who were taken to the emergency room, experienced seizures and low blood sodium, but recovered the next day.  (*Id.* at pp. 1074-1077.)  The probation report stated that the children were in critical condition and the daughter's condition was " 'life threatening' " and contained other statements not supported by the evidence at trial.  (*Id.* at pp. 1078-1080.)  The court determined that reliance on the probation report was improper because it contained inaccurate information on which the trial court relied in sentencing, and then remanded the matter for resentencing.  (*Id.* at pp. 1080-1081.)

In *People v. Peterson* (1973) 9 Cal.3d 717, the testimony of a police officer at the probation hearing regarding hearsay comments made by an informant was held sufficiently reliable for consideration by the trial court.  (*Id*. at pp. 727-728.)  Similarly, in *People v. Arbuckle*, *supra*, 22 Cal.3d 749, a Department of Corrections report was found to have inherent reliability because it was made pursuant to a court order by expert, objective government personnel in pursuit of their official duties.  (*Id.* at pp. 754-755.)  The court in *Arbuckle* was persuaded by the fact that the report did not stand in isolation; its recommendation was supported by the probation officer's report and by the statutory presumption against probation for assault with intent to commit murder.  (*Id.* at p. 755; § 1203, subd. (d)).

Unlike the reports at issue in *Peterson, supra,* 9 Cal.3d 717, and *Arbuckle*, in this case, the probation report is not corroborated by live testimony of the hearsay recipient,

8

or by any supplemental report or statutory presumption against granting Arvizu's petition. The sole piece of evidence relied upon by the trial court in denying Arvizu's petition is the uncorroborated $2,000 figure contained in the probation report. Unlike the defendant in *Arbuckle*, Arvizu challenged the factual statements contained in the report by presenting his own evidence that the value of the stolen property was $410, as suggested by the *Arbuckle* court. (*Arbuckle*, *supra*, 22 Cal.3d at p. 753.) Without considering the report, no other factors supported the trial court's finding that the value of the property was $2,000. Like in *Eckley, supra,* 123 Cal.App.4th 1072, the trial court's reliance on the statements in the report was improper because they were not supported by the evidence.

Thus, the trial court's consideration of hearsay statements is not an abuse of discretion in and of itself. In this case however, the court's reliance on Lopez's unverified assertion in the probation officer's report that the value of the stolen property was $2,000 was error because there was no basis for the trial court to believe this information was reliable or accurate.

Specifically, in a section of the probation report titled "The Offense," the probation officer includes a statement, attributed to Lopez, that Lopez valued the contents of her purse at $2,000. The report, however, did not identify the source of this information and the probation officer noted only that the information about the offense was "provided by the District Attorney's file." The probation report does not indicate whether the information was contained in reports written by Garcia and Navarro reporting each officer's role in the incident, or if the information was contained in a report written by another officer summarizing information received from Garcia, Navarro or

9

others.  It is also possible the information in the District Attorney file was contained in a factual summary written by a deputy prosecutor in preparation for trial.

At the resentencing hearing, counsel for Arvizu argued that the specified detailed losses as outlined by Lopez to the probation officer were $410, and therefore there was no foundation for the $2,000 figure.  Arvizu's counsel urged the court to accept the $410 figure over the $2,000 initial estimate Lopez made when reporting the crime.  The $410 figure was deduced by adding up the cost of replacing each piece of stolen property.  Counsel argued that there was no basis for the $2,000 figure, and it was likely just a number that Lopez estimated when initially reporting her purse stolen.

Further, the listed value of $2,000 was inconsistent with the value of the property Lopez reported taken.  The felony complaint which Arvizu pleaded guilty to lists the stolen property as a purse, $160 in cash, credit cards and a passport.  When the probation officer spoke with Lopez before the sentencing hearing she stated the "purse was valued at $50," which was what she requested in restitution.  The probation officer did not question Lopez about the $2,000 figure or otherwise inquire into its origin, nor did the prosecutor verify the $2,000 figure in advance of the resentencing hearing.  Therefore, the only reliable evidence before the sentencing court did not support its finding that Lopez's property was worth $2,000.  As a result, it is reasonably probable Arvizu's petition would have been granted absent the court's error.

As noted above, a trial court denies a defendant due process by relying on false or unreliable information at sentencing.  (*Eckley*, *supra*, 123 Cal.App.4th at p. 1080.)  When an error affects a defendant's rights under the United States Constitution, reversal is

10

required unless the prosecution can show "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." (*Chapman v. California* (1967) 386 U.S. 18, 24; see *People v. Price* (1991) 1 Cal.4th 324, 492 [sentence based on improper factor will be set aside only if it is reasonably probable that the trial court would have chosen a lesser sentence had it not relied on that factor].) Here, there was not a sufficient evidentiary foundation to support the trial court's finding that the property was worth $2,000. The prosecution has no additional evidence to support the $2,000 figure in the probation report, and therefore would be unable to prove that the inaccuracies in the probation report did not contribute to the verdict.

## DISPOSITION

The order is reversed and remanded for resentencing consistent with this opinion. In conjunction with Arvizu's new sentence, the superior court shall prepare and file a new abstract of judgment.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


NARES, J.

11