Filed 1/20/16  P. v. Delgado CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ERIK DELGADO,<br><br>      Defendant and Appellant. | B262394<br><br>(Los Angeles County<br>Super. Ct. No. MA064484) |

APPEAL from an order of the Superior Court of Los Angeles County. Christopher G. Estes, Judge.  Affirmed.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Erik Delgado (defendant) appeals from an order after judgment denying his petition to recall his sentence and for resentencing his narcotics conviction as a misdemeanor. He contends that the trial court abused its discretion in finding that he was unsuitable for Proposition 47 relief. Finding no abuse of discretion, we affirm the order.

## BACKGROUND

In October 2014, defendant was charged with the possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a). The felony complaint alleged that defendant had two prior serious or violent felony convictions or juvenile adjudications within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d)),[1] and that he had served one prior prison term within the meaning of section 667.5, subdivision (b). On November 4, 2014, after defendant entered a no contest plea to the charge and admitted one of the two prior strike allegations, the trial court sentenced him to a term of 32 months in prison.

Defendant filed a petition for resentencing under Proposition 47, which the prosecution opposed. On March 2, 2015, after two days of hearing, the trial court denied defendant's petition upon finding defendant unsuitable for resentencing. Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant contends that the trial court abused its discretion in finding that he was unsuitable for resentencing under Proposition 47.

Proposition 47 amended Health and Safety Code section 11377 to reduce possession of methamphetamine and other similar offenses to misdemeanors, unless committed by a defendant ineligible for the relief. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 enacted section 1170.18, which provides in subdivisions (a) and (b) that a person currently serving a sentence for a such a felony may petition for a recall of his sentence and request resentencing to a misdemeanor, "unless

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

2

the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Subdivision (c) of the statute defines "'unreasonable risk of danger to public safety'" as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667," which are sometimes referred to as "super strike offenses." (*People v. Lynall, supra*, at p. 1109.)

"In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (Health & Saf. Code, § 1170.18, subd. (b).)

Whenever "a discretionary power is inherently or by express statute vested in the trial judge, his or her exercise of that wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]" (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

Here, the materials reviewed by the court prior to ruling were summarized on the record. In addition to the court's file in this case, the court reviewed the files in Los Angeles Superior Court case Nos. MA048153, 3AV04897, and 0AV00725. The court read portions of the probation report dated March 10, 2010, in case No. MA048153, regarding events which occurred in January 2010:

> "'They [defendant and mother of his children Priscilla Cruz] got into an argument. He pulled her down the stairs causing her to injure herself on the stucco. He then pulled out a box cutter, and went after victim Coronado.' Victim Coronado was . . . not Priscilla Cruz. It's a separate individual who apparently interceded in the altercation. The probation report goes on to say: '. . . pulled out a box cutter went after victim Coronado. He cut and stabbed him numerous times with the box cutter. He then jumped into victim Cruz's vehicle while her nine-year-old daughter

was sitting in the back seat. He forced victim Cruz into the car, as she let her daughter out. He drove up to the gate, and nobody would let him through. She jumped out of the car and ran. He drove off in her vehicle. They called 911.'"

The report noted that 11 staples were required to close Coronado's cuts, and that Cruz told responding officers defendant was a member of the C.K.F. gang, with the moniker "Chuckie."

It was also noted that defendant entered into a plea agreement under which he pled only to the assault with a deadly weapon, admitted a prior juvenile robbery as a strike offense, and was sentenced to the low term of two years, doubled as a second strike to four years. Defendant also pled to a prior domestic violence misdemeanor committed in 2009. In 2013, while on parole for the assault with a deadly weapon, defendant was again charged with a crime of domestic violence, pled no contest to misdemeanor assault, and was placed on probation, but failed to complete a required domestic violence counseling program.

The trial court also reviewed defendant's juvenile record for 2002 and 2003, but focused on the violent nature of his adult conduct, particularly the nature of the attack upon victim Coronado with a box cutter. Coronado's injuries were located behind his left ear, upper forehead, and upper torso, suggesting that the attack could have resulted in further great bodily injury or death. The court found that defendant's subsequent domestic violence conviction, although a misdemeanor, also indicated that defendant posed a risk to public safety. The trial court found by a preponderance of the evidence that defendant's pattern of violent conduct demonstrated an unreasonable risk that defendant would commit a super strike such as murder, attempted murder, or other serious or violent felony punishable by life in prison or death.

Defendant disagrees. He contends that there is no likelihood that he will commit a super strike in the future because there was no evidence that he remained emotionally involved with his ex-girlfriend. We quote defendant's reasoning in full as follows: "The crimes that the court used were all crimes that involved his ex-girlfriend. The court

4

found that because the crimes were against the same victim, that escalated the future risk. However, the contrary is true. While not condoning [defendant's] criminal offenses against his ex-girlfriend, he had not been violent against anyone else with the exception of an armed robbery he committed as a juvenile 12 years ago." Defendant's reply to respondent's correct statement of the facts considered by the trial court is unclear. His argument appears to be that the trial court should not have considered the 2010 box cutter attack because defendant committed a less serious violent crime more recently, and because defendant believed that the victim of the box cutter attack had been sleeping with his ex-girlfriend. He concludes that because the prosecution did not prove that he was still emotionally involved with his ex-girlfriend, the trial court's decision was speculative and arbitrary.

Facts which merely afford an opportunity for a difference of opinion do not establish an abuse of discretion. (*People v. Clair* (1992) 2 Cal.4th 629, 655.) Moreover, defendant has misstated the facts in the record. Defendant's criminal history includes crimes of violence against three victims, not one, despite defendant's effort to discount the armed robbery and the box cutter attack; and all were considered by the trial court. Further, even if defendant had recited the facts correctly, it cannot seriously be argued that multiple acts of domestic violence against a single victim somehow show a *lessened* likelihood that in the future defendant would attack that victim, his next girlfriend, the next person who attempted to protect her, or anyone else who made him angry or intervened while he was acting out.

The trial court did not exercise its discretion in an arbitrary, capricious or patently absurd manner in concluding that such crimes demonstrated an unreasonable risk that defendant's next violent episode will result in murder, attempted murder, or other crime punishable by life in prison or death. We thus conclude that the trial court properly exercised its discretion.

5

## DISPOSITION

The order denying defendant's petition under Proposition 47 is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

CHAVEZ


We concur:



_____, P. J.

BOREN



_____, J.

ASHMANN-GERST