Filed 4/29/16  P. v. Payne CA

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JIMMY ALLEN PAYNE,<br><br>        Defendant and Appellant. | A144416<br><br>(Contra Costa County<br>Super. Ct. No. 41732742) |

**MEMORANDUM OPINION**[1]

In October 2012, defendant Jimmy Allen Payne pleaded no contest to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and, in turn, the People dismissed three other charges and various punishment-enhancing allegations. The trial court sentenced defendant to a three-year prison term, to be served as a "split" sentence: 16 months in county jail followed by 20 months on mandatory supervision.

"With the passage of Proposition 47 on November 4, 2014, violations of Health and Safety Code section 11377 became misdemeanors." (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1105.)  Further, Proposition 47 added Penal Code section 1170.18, subdivision (a), which provides:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial

_____

        [1]  We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

court that entered the judgment of conviction in his or her case to request resentencing . . . ." (See *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 651 [resentencing available even for defendants who entered plea bargains].)

A month after Proposition 47's enactment, defendant petitioned the trial court to have his felony reduced to a misdemeanor and to have his sentence recalled. The trial court believed defendant was ineligible for Proposition 47 relief because of the nature of his crime and his conviction, and denied relief.

The Attorney General concedes the trial court was mistaken, and we agree. Defendant is entitled to a new hearing under Proposition 47.

The postjudgment order of the trial court denying Proposition 47 relief is vacated, and the matter remanded for further proceedings on defendant's petition.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Dondero, J.

3