Filed 7/22/16  P. v. Altamarino CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL ALTAMIRANO,<br><br>    Defendant and Appellant. | B269051<br><br>(Los Angeles County<br>Super. Ct. No. BA426951) |

APPEAL from an order of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed.

Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On December 3, 2014, defendant and appellant Daniel Altamirano pled no contest to evading an officer in violation of Vehicle Code section 2800.2, subdivision (a).[1]  He was sentenced to a prison term of two years, plus an additional two years for prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).[2]

On September 28, 2015, Altamirano petitioned to have his felony conviction designated as a misdemeanor under Proposition 47.  On October 6, 2015, the trial court denied Altamirano's petition because his conviction was not an offense covered by Proposition 47.

We appointed counsel to represent Altamirano on appeal.  After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.  We directed counsel to send the record on appeal and a copy of the opening brief to Altamirano, and notified defendant he had 30 days within which to personally submit any contentions or issues that he wished us to consider.  No supplemental brief was filed.

It is unclear whether Altamirano timely appealed from the order of denial.  It is possible that Altamirano's notice of appeal was untimely because it was not filed until December 8, 2015, more than the 60 days required for timely filing under California Rules of Court, rule 8.308(a).  However, California recognizes a so-called "prison-delivery rule," which holds that a prisoner's pro se notice of appeal is deemed timely filed if delivered to the appropriate prison authorities within the 60-day filing period.  (Cal. Rules of Court, rule 8.25(b)(5); *In re Jordan* (1992) 4 Cal.4th 116, 130.)  All we can tell from the record on appeal is that Altamirano himself appears to have

---

[1]    This statute provides, in pertinent part:  "If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year." (Veh. Code, § 2800.2)

[2]    All further statutory references are to the Penal Code unless otherwise specified.

2

signed the notice of appeal on November 19, 2015, which may mean that his notice of appeal, filed on December 8, 2015, was timely.

Ultimately, however, the timeliness of Altamirano's notice of appeal does not substantively matter because – even if there were no question regarding our jurisdiction to hear the appeal – Altamirano's appellate claim has no merit because the trial court properly found he was ineligible for relief. Vehicle Code section 2800.2 is not a covered offense under Proposition 47. (§ 1170.18, subd. (a).)

Proposition 47, enacted by voters on November 4, 2014 and effective the following day, reduces certain drug and theft offenses to misdemeanors unless committed by ineligible defendants. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 provides, in pertinent part: "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) The Vehicle Code provision under which Altamirano was convicted is not one of the statutes affected by Proposition 47.

We are satisfied that appellate counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

3

## DISPOSITION

The trial court's order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


EDMON, P. J.

We concur:


ALDRICH, J.



HOGUE, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4