Filed 5/6/22  P. v. Vargas CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID VARGAS,<br><br>        Defendant and Appellant. | A164624<br>(Contra Costa County<br>Super. Ct. No. 52017929) |

David Vargas was placed on probation after a jury convicted him of simple possession of methamphetamine as a lesser included offense of possessing methamphetamine for sale and he pleaded no contest in a separate case to petty theft.  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

### I.  *FACTS AND PROCEDURAL HISTORY*

On May 21, 2020, appellant was pulled over by a police officer after he rode his motorcycle through a stop sign.  During a search of his person (the legality of which was not contested) appellant admitted he was carrying drugs and a Ziplock baggie containing 1.93 ounces of methamphetamine was discovered in his pants pocket.

Appellant was charged by information with felony possession of a controlled substance for sale in violation of Health and Safety Code section

1

11378. He was tried before a jury, where his defense was that the methamphetamine was intended for his own use, and was not possessed for sale. He testified that methamphetamine was much more difficult to purchase because of Covid-19, but he had obtained about 56 grams from a dealer who fronted him the money. The jury convicted appellant of misdemeanor simple possession of a controlled substance in violation of Health and Safety Code section 11377.

At the sentencing hearing, appellant pled no contest to a misdemeanor charge of petty theft that was pending in a separate case. (Pen. Code, § 484.) He was placed on probation in both cases conditioned on his service of 10 days in county jail and the payment of various fines and fees, which were stayed due to appellant's inability to pay. Appellant filed a notice of appeal with the appellate department of the superior court, but the case was transferred to this court because appellant was charged by information with a felony, even if he was convicted of a misdemeanor as a lesser included offense. This is therefore a felony case over which we have jurisdiction. (Cal. Rules of Court, rule 8.304; see *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1111–1112.) Appellant has filed this brief raising no issues under *Wende/Anders.*

## II. *DISCUSSION*

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues, that appellant has been advised of his right to file a supplemental brief, and that appellant did not file such a brief. We have independently reviewed the entire record for potential error and find none. The trial court acted within its discretion by granting probation, and the

2

probation order did not include any conditions that are arguably overbroad, violate the constitution, or run afoul of *People v. Lent* (1975) 15 Cal.3d 481.

We are satisfied that appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

III.  <em>DISPOSITION</em>

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*People v. Vargas* / A164624

4