Filed 11/10/15  P. v. Shelton CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DWIGHT ROLLAND SHELTON,<br><br>    Defendant and Appellant. | B262081<br><br>(Los Angeles County<br>Super. Ct. No BA344533) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Dwight Rolland Shelton appeals from an order denying his petition to recall his sentence under Penal Code section 1170.18.[1]  His appointed counsel filed a brief requesting that we independently review the record for error.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  We directed counsel to send the record and a copy of the brief to appellant, and notified him of his right to respond within 30 days.  Appellant did not respond.

## BACKGROUND

Appellant was convicted of 51 felony counts relating to fraudulent real estate transfers.  Appellant and a co-conspirator committed forgery and other crimes during six real estate transactions, using stolen or fictitious identities to facilitate the transactions and then stealing, or attempting to steal, the proceeds of the sales.  We have granted appellant's request to take judicial notice of this court's opinion in the underlying case, *People v. Shelton*, *et al.*, B222428, consolidated with B225438 (unpub. opn. Apr. 10, 2012).

For his underlying conviction, the information charged appellant with making false financial statements (§ 532a, subd. (1)), grand theft of personal property (§ 487, subd. (a)), forgery (§ 470, subd. (a)), offering a false or forged instrument for filing (§ 115, subd. (a)), identity theft (§ 530.5, subd. (a)), attempted grand theft of personal property (§§ 487, subd. (a), 664), and conspiracy to commit a crime (§ 182, subd. (a)(1)). In connection with specified counts, the information alleged that the value of the pertinent property exceeded $150,000 (former § 12022.6, subd. (a)(2)); the loss exceeded $100,000 (§ 115, subd. (c)); and that the felonies involved fraud or embezzlement as a material element, as well as a pattern of felonious conduct related to the taking of more than $500,000 (§ 186.11, subd. (a)(2)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The jury found appellant guilty on all 51 counts.[2]  The jury rendered special verdicts that appellant committed two or more related felony offenses, a material element of which was fraud or embezzlement, and which involved the taking of more than $500,000 (§ 186.11, subd. (a)(2)); in addition, the jury found true the allegation under two counts of grand theft of personal property that the value of the property exceeded $150,000 (former § 12022.6, subd. (a)(2)).  The trial court sentenced appellant to a total term of imprisonment of 29 years and 4 months, and he was ordered to pay restitution to several victims.  We affirmed the conviction on appeal. (*People v. Shelton*, *et al.*, B222428, consolidated with B225438 (unpub. opn. Apr. 10, 2012).)

Appellant petitioned for recall of his sentence under section 1170.18, subdivision (a).  He argued that his convictions under sections 532, subdivision (a)(1); 487, subdivision (a); 470, subdivision (a); section 487, subdivision (a); and 664 "come under the purview of Penal Code §1170(a)'s scope for relief."

The trial court denied appellant's motion, holding that "Defendant Shelton did not suffer a conviction for any felony violation reduced to a misdemeanor by Penal Code §1170.18.  Accordingly, he is not entitled to any relief under that statute."

Appellant timely appealed.

## DISCUSSION

"The voters enacted Proposition 47 on November 4, 2014. . . .  Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Proposition 47 created a new resentencing provision:  Section 1170.18. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)  Under that statute, "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been

---

[2]  The jury was unable to reach a verdict on one count for robbery (§ 211), which was later dismissed.

guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§1170.18, subd. (a).) Section 1170.18 specifically allows resentencing for convictions for violations of Health and Safety Code sections 11350, 11357, and 11377, and Penal Code sections 459.5, 473, 476a, 490.2, 496, and 666.

Appellant sought relief under section 1170.18, but he was not convicted of felony violations of any of the code sections addressed by section 1170.18. He is therefore not eligible for resentencing under that statute, and the trial court properly denied his motion.

## DISPOSITION

We have independently reviewed the record and conclude no error occurred. We therefore affirm.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.

4