Filed 11/17/15  P. v. Crone CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

    Plaintiff and Appellant,

v.

ROBERT LEE CRONE,

    Defendant and Respondent.

2d Crim. No. B263230
(Super. Ct. No. 2014018052)
(Ventura County)

       The People appeal an order reducing two charged felony offenses against respondent Robert Lee Crone to misdemeanors.  Following a preliminary hearing in which respondent was held to answer (Pen. Code, § 872),[1] the People filed an information charging him with felony possession of methamphetamine, felony possession of cocaine, and possession of a smoking device (Health & Saf. Code § 11377, subd. (a), 11350, subd (a), former § 11364.1, subd. (a)), with prior strike and prison term allegations (§§ 1170, subd. (h)(3), 667.5, subd. (b)).  Before the entry of a guilty plea, the trial court, citing section 17, subdivision (b), reduced the felony offenses to misdemeanors.  The People contend that the court

---

[1] All statutory references are to the Penal Code unless otherwise stated.

lacked authority to reduce the charges.  Respondent concedes the error "because of the timing."  We reverse.

FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2014, respondent was asleep in a vehicle parked in front of a 24-hour donut shop when police officers arrived to check on his "well being."  They awakened him, and with his consent searched his fanny pack.  It contained usable quantities of rock and powder cocaine, methamphetamine, and a smoking device.  Respondent was arrested and charged with two felonies, possession of methamphetamine and possession of cocaine, and for possessing a smoking device.

The preliminary hearing took place on November 25 and 26, 2014, after the passage of Proposition 47.  Respondent moved the magistrate (Mark S. Borrell) to have his felony possession of methamphetamine and possession of cocaine offenses declared to be misdemeanors pursuant to Proposition 47.  The People opposed the motion, arguing that respondent was not eligible for such relief because he had a prior "super strike"[2] as defined in section 667, subdivision (e)(2)(C)(iv).  The People proved that in 1976, and while a juvenile, appellant pled guilty to a kidnapping charge to facilitate the commission of a felony or flight in 1975 in Minnesota.  (Minn. Stats. 1974, Crim. Code of 1963, § 609.25, subd. (2)(1).)  The People argued that because the Minnesota offense included all the elements of kidnapping in the commission of carjacking, as defined in section 209.5, it constituted a disqualifying super strike under Proposition 47.  The magistrate found that respondent's prior Minnesota juvenile offense was a super strike, denied his motion to reduce his offenses to misdemeanors, and held him to answer.

---

[2] The first published case to characterize an offense as a "'super strike'" is *People v. Lynall* (2014) 233 Cal.App.4th 1102, 1109.  The phrase joins such timeless characterizations as "wobblers," "wobblettes," and "strikes" in the lexicon of sentencing jargon.

2

The People charged respondent by information with felony possession of methamphetamine, felony possession of cocaine, and possession of a smoking device. On December 9, 2014, respondent waived arraignment, pled not guilty to the charges and denied all prior and special allegations. He subsequently moved to dismiss his case pursuant to section 995 and asked the court to strike his prior three-strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The People opposed both motions.

In February 2015, the case was assigned to Judge Rocky J. Baio for trial and motions. On March 19, without ruling on the *Romero* and section 995 motions, the trial court stated it would "exercise its discretion under section 17[,] [subdivision] (b) and change the[] charges from felonies to misdemeanors." Over the People's objection that the possession of cocaine offense was charged as a "straight felony and not a wobbler," the court reduced the charged felonies to misdemeanors under section 17, subdivision (b). Respondent pled no contest to the three misdemeanor offenses. The court accepted his pleas and summarily sentenced him.[3]

DISCUSSION

I

The parties agree that the trial court lacked authority to reduce both felony possession charges to misdemeanors after the information was filed and before the entry of a guilty plea, pursuant to section 17, subdivision (b). We agree, and reverse the challenged order.

Section 17, subdivision (b), provides: "When a crime is punishable, in the discretion of the court [as a felony or a misdemeanor], it is a misdemeanor for all purposes under the following circumstances: (1) After a

---

[3] After determining that respondent was not interested in Proposition 36 or being placed on probation, the court sentenced him to 330 days in the county jail, and deemed his "sentencing time served," as respondent's credit for time served exceeded 330 days.

3

judgment imposing a punishment[.] (2) When the court, upon committing the defendant to the Division of Juvenile Justice[.] (3) When the court grants probation to a defendant without imposition of sentence and . . . declares the offense to be a misdemeanor[.] (4) When the prosecuting attorney files . . . a complaint specifying that the offense is a misdemeanor[.] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor[.]"[4]

Thus, section 17, subdivision (b) authorizes a court to reduce certain offenses to misdemeanors under limited, specified circumstances, none of which were present in this case. Accordingly, the court lacked authority to reduce respondent's charges. "No provision of section 17, subdivision (b), authorizes the superior court judge to [reduce an offense] prior to judgment or a grant of probation." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 973, fn. 2.) "No judgment, entry of a plea, or finding of guilt had occurred to bring [section 17,] subdivisions (b)(1) or (b)(3) into play. Nor did subdivision (b)(5) apply; the preliminary examination had already taken place and [respondent] had been held to answer pursuant to section 872." (*People v. Superior Court (Jalipour)* (2015) 232 Cal.App.4th 1199, 1205.)

II

The People also argue that the trial court lacked jurisdiction to reduce the count 2 possession of cocaine offense to a misdemeanor, because as to respondent, it was a "straight felony," not a "wobbler," punishable in the court's discretion as a either a felony or a misdemeanor. We agree.

Section 17, subdivision (b) authorizes a court to reduce a felony to a misdemeanor only if the crime is punishable either as a felony or misdemeanor.

---

[4] A violation of Health and Safety Code section 11377, subdivision (a) is punishable as a misdemeanor or a felony. A violation of Health and Safety Code section 11350, subdivision (a) may be punishable as a misdemeanor, subject to exceptions.

Because the magistrate found and the information charged that respondent had a prior section 667, subdivision (e)(2)(C)(iv) super strike conviction, his possession of cocaine offense was punishable only as a felony, pursuant to Health and Safety Code section 11350, subdivision (a).  Prior to the passage of Proposition 47, possession of cocaine was punishable only as a felony (a "straight felony"), with no provision for a misdemeanor sentence.  (See former Health & Saf. Code, § 11350, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

As amended by Proposition 47, Health and Safety Code section 11350 provides:  "(a) Except as otherwise provided in this division, every person who possesses (1) any controlled substance specified in subdivision (b) . . . of Section 11054 . . . *shall be punished by imprisonment in a county jail for not more than one year, except that such person shall instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code*[.]"  (Italics added.)  As amended by Proposition 47, "The language in section 11350 evidences a clear intent to keep the crime a straight felony if the person is excluded from Proposition 47."  (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2015) § 25:3, p. 25-24.)

Health and Safety Code section 11350, subdivision (a), as amended by Proposition 47, defines the charged possession of cocaine against respondent as a straight felony because he had a prior super strike conviction.  The trial court therefore could not reduce that offense to a misdemeanor under section 17, subdivision (b) or Proposition 47.

## DISPOSITION

The order reversing respondent's felony charges to misdemeanors is reversed.  We vacate respondent's guilty plea.  We express no opinion concerning the appropriate sentence in this matter.  The case, however, is

5

remanded to assume the posture it was in immediately before the trial court declared the felonies to be misdemeanors. The *Romero* motion and the section 995 motion remain unresolved.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:

GILBERT, P. J.


YEGAN, J.

Rocky J. Baio, Judge

Superior Court County of Ventura

_____


Gregory D. Totten, District Attorney, Michelle J. Contois, Deputy District Attorney for Plaintiff and Appellant.

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy for Defendant and Respondent.