Filed 11/30/15 P. v. Nelson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B262087 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.GA091321) |
| v. | |
| GUY HERSHELL NELSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge. Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Guy Hershell Nelson appeals from several orders denying requests to reduce his sentence under Penal Code section 1170, subdivision (d)[1] or recall his sentence under section 1170.18. His appointed counsel filed a brief requesting that we independently review the record for error. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) We directed counsel to send the record and a copy of the brief to defendant, and notified him of his right to respond within 30 days. Defendant did not respond. We have reviewed the record and see no arguable error that would result in a determination more favorable to defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pleaded no contest to felony vandalism under section 594, subd. (a) (count 1), and felony petty theft by a registered sex offender (§666, subd. (b)) (count 2). Defendant admitted two prior convictions, one for violation of section 212.5 (robbery) and one for violation of section 288, subdivision (a) (lewd act on a child), both of which are "strikes" under the Three Strikes law (§§ 667, subd. (d) and 1170, subd. (b)). The conviction under section 288, subdivision (a) required defendant to register as a sex offender under section 290. Pursuant to section 667.5, Defendant also admitted he had served one prior prison term for the robbery conviction.

The court sentenced defendant on September 25, 2014. The minute order from the hearing states, "Pursuant to Penal Code section 1385, the court dismisses one prior strike conviction . . . and the allegation pursuant to Penal Code section 667.5(b)." The court sentenced defendant to a term of 32 months on count 2 (theft), calculated as the low term of 16 months, doubled pursuant to the remaining strike. The court sentenced defendant concurrently on count 1 (vandalism) to the low term of 16 months, doubled pursuant to the strike. The sentence on count 1 was ordered stayed pursuant to section 654. The court awarded defendant 464 days of custody credit, calculated as 232 days of custody

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and 232 days of good time/work time credit. The court also ordered defendant to pay various fines and fees, including restitution to the victims.

On November 10, 2014, defendant filed a petition for writ of habeas corpus, arguing that his case should have been heard in "municipal court" rather than superior court. He argued that the damages resulting from his vandalism were less than $400, and therefore the charge should have been a misdemeanor. The trial court denied the petition on November 13, 2014, stating, "The punishment for the crime charged in count 2 [petty theft by a registered sex offender] is 16, 2, and 3. Petitioner has a prior strike and is a Penal Code section 290 registration [sic]. He is not entitled to relief."

On November 20, defendant filed a request to recall his sentence under section 1170, subdivision (d). Citing Proposition 47, defendant asked that his "sentence be abated (to a lesser sentence)" because he had served nine months in custody, gained nine months of good time work credits, and enrolled in classes while incarcerated. The court summarily denied defendant's request on November 21, 2014.

On December 2, 2014, defendant filed a document titled "Motion to Receive and Request Half Time on Imposed Sentence." In this motion, he stated that he was sentenced to "32 months with half," so he should have been released after 16 months. The trial court denied defendant's motion the same day, stating, "The defendant is not entitled to additional credit and he has failed to demonstrate he is entitled to any additional relief."

Defendant also moved to modify his sentence under section 1170, subdivision (d) on December 2, 2014. Again citing Proposition 47, defendant stated, "I would like to apply to the court to have this case changed to a misdemeanor." On December 5, the court denied defendant's motion, stating, "The defendant's second request for a misdemeanor reduction pursuant to Proposition 47 is denied. [¶] The defendant is ineligible for relief because he has a prior conviction with lifetime registration pursuant to Penal Code section 290."

On December 15, the court received defendant's form application/petition for resentencing under Proposition 47. The court denied the petition on December 22, 2014,

3

noting that defendant was ineligible for resentencing under section 1170.18 because he was required to register under section 290.

On January 20, 2015, defendant filed another petition for writ of habeas corpus, arguing that he was "sentenced illegally." He argued that petty theft under section 666(b) is a misdemeanor "unless the person caught/convicted . . . has a prior offense or unless the cost of the stolen property . . . was 950 dollars or over." Because a prior strike was dismissed and the value of the property he stole was not more than $950, defendant argued, his sentence should be recalled and he should be sentenced "to a probationary term (or a lesser sentence)." Defendant also argued that the trial court struck "all of the prior allegations that were alleged and admitted in this case." As a result, defendant argued, "the abstract of judgment in this case is untrue or false" because the court took into account a previous strike when sentencing defendant. On January 23, 2015, the court denied defendant's petition, stating, "The petitioner has failed to state a prima facie claim for relief. The petitioner is required to register as a sex offender for a conviction pursuant to Penal Code section 288(a). He is not eligible for a misdemeanor reduction."

Defendant prepared a notice of appeal that was signed on January 29, 2015, postmarked February 2, and received by the court on February 4. It stated that he was appealing the decision relating to his Proposition 47 application.

## DISCUSSION

We have reviewed the record and find no error. Defendant pleaded no contest to felony vandalism and felony petty theft by a registered sex offender. He also admitted a previous strike. The charges to which defendant pleaded no contest were not for misdemeanors, and there was no basis for the court to sentence defendant as though the crimes were misdemeanors.

In addition, when sentencing defendant, the trial court struck only one of defendant's two prior strikes under section 1385. Therefore, defendant's argument that his sentence was erroneous because the court struck both priors is simply incorrect.

The trial court also did not err by denying defendant's requests for resentencing under Proposition 47. "Proposition 47 makes certain drug- and theft-related offenses

4

misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Ineligible defendants include those who, like defendant, must register as sex offenders under section 290. (§ 1170.18, subd. (i) ["The provisions of this section shall not apply to persons who have one or more prior convictions for . . . an offense requiring registration pursuant to subdivision (c) of Section 290."].) The trial court did not err in denying defendant's request for resentencing under Proposition 47.

## DISPOSITION

We have independently reviewed the record and conclude no error occurred. We therefore affirm.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.


5