Filed 12/8/15  P. v. Kelley CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN ANTHONY KELLEY,<br><br>    Defendant and Appellant. | B262563<br><br>(Los Angeles County<br>Super. Ct. No. LA071159) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Michael K. Kellogg, Judge.  Affirmed.

　　　　Julie Jakubik, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

On August 15, 2012, defendant and appellant Brian Anthony Kelley pled no contest to grand theft (Pen. Code, § 487, subd. (a))[1] for having stolen merchandise from a Neiman Marcus store in an amount exceeding $950. Following the enactment of Proposition 47, Kelley petitioned to have this conviction redesignated as a misdemeanor. On February 26, 2015, the trial court denied Kelley's petition because the value of the stolen property exceeded $950. Kelley timely appealed from the order of denial.

We appointed counsel to represent Kelley on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Kelley, and notified defendant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No supplemental brief was filed.

We have examined the entire record and determined that, as the trial court ruled, Kelley is not eligible for resentencing under Proposition 47 because he has not shown that the value of the stolen property did not exceed $950.

Proposition 47, enacted by voters on November 4, 2014 and effective the following day, reduces certain drug and theft offenses to misdemeanors unless committed by ineligible defendants. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 provides, in pertinent part: "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Section 490.2, subdivision (a), provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed

---

[1]     All further references are to the Penal Code unless otherwise specified.

nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

At the hearing on his petition, Kelley did not present evidence demonstrating that the value of the stolen property was less than $950, but argued that it was the People's burden to prove the property's value. Kelley was wrong; it is the defendant – not the People – who bears the burden of proof as to eligibility for relief under Proposition 47, including the $950 valuation cut-off. (*People v. Page* (2015) 241 Cal.App.4th 714, 719, fn. 2; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) Moreover, the People demonstrated at the petition hearing that they were prepared to put on evidence proving the value of the merchandise Kelley took amounted to $1078.

We are satisfied that defense counsel has fully complied with her responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN J.

3