Filed 1/5/16  P. v. Carrillo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064381 |
| v. | (Super.Ct.No. BAF004491) |
| RICHARD ANGUIANO CARRILLO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Richard Anguiano Carrillo appeals from an order denying

his petition to reduce his convictions for assault with a deadly weapon (Pen. Code, § 245,

1

subd. (a)(1))[1] and possession of a dirk or dagger concealed upon his person (former § 12020, subd. (a)(4)) to misdemeanors pursuant to section 1170.18. We find no error and will affirm the order.

## I

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The victim testified that on September 7, 2005, he was living at a residential care facility for men with substance abuse problems. During the victim's last week there, defendant was also a resident and the victim saw him 3-4 times that week. The victim saw and heard defendant a few times each day during their common time at the facility. On August 30th or September 1, the victim saw defendant showing other residents a t-shaped tire tool with a sharpened end and a black plastic handgrip. (*Carrillo I*, *supra*, E044123.)

According to the victim, on the 7th of September, he and his companion and defendant and his companion checked out of the facility, boarded a bus and rode to Banning. All four men got off the bus five miles before the Highland Springs stop, where the victim could transfer to a bus, eventually arriving in Ontario. The victim cashed in some cans he had brought from the facility and he bought and drank a 32 ounce bottle of beer. At the liquor store where the victim had purchased the beer, a Native American

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from this court's nonpublished opinion in defendant's prior appeal. (See *People v. Carrillo* (Jan. 30, 2009, E044123) [nonpubl. opn.], fns. omitted (*Carrillo I*).)

2

man had given the victim a grocery bag containing men's clothing and a pair of boots, which the victim had seen defendant give the man 10 minutes previously, before defendant departed with his companion. The victim and his companion then walked to the Highland Springs bus stop. The victim, who was a little intoxicated, saw defendant and his companion at the stop. Defendant, who was very upset, thinking the victim had stolen the bag defendant had given the Native American man, asked the victim why he had the bag. Defendant and the victim stood toe to toe and argued for a moment—defendant accusing the victim of stealing the bag and the victim trying to tell defendant what had happened. As the approaching bus neared the stop, the victim turned away from defendant and felt a sharp pain in his back. No one else was near the victim at the time. As defendant stabbed the victim, he whispered in his ear, "Next time, you'll be dead." The defendant appeared to be intoxicated and the victim could smell it on his breath. The victim fell to the ground and could not breathe. He ended up in a nearby shoe store, where a call to 911 was placed. (*Carrillo I*, *supra*, E044123.)

On April 12, 2006, an information was filed charging defendant with assault with a deadly weapon (§ 245, subd. (a)(1)) and possession of a dirk or dagger concealed upon his person (former § 12020, subd. (a)(4)). The information further alleged that defendant had suffered four prior prison terms (§ 667.5, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and a prior strike conviction (§§ 667, subds. (c) & (e)(1) & 1170.12, subd. (c)(1)).

On April 20, 2007, a jury convicted defendant of the substantive charges. In a bifurcated proceeding, defendant admitted suffering the four prison priors, the serious felony prior, and the strike prior. (*Carrillo I*, *supra*, E044123.)

On September 7, 2007, the sentencing court dismissed all but the serious prior conviction and sentenced defendant to eight years eight months in state prison.

Defendant subsequently appealed, claiming the evidence was insufficient to support his convictions and the trial court erred in denying his motion for a new trial. (*Carrillo I*, *supra*, E044123.) On January 30, 2009, this court affirmed defendant's conviction in a nonpublished opinion. (*Ibid*.)

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On February 11, 2015, defendant filed a petition to reduce his convictions to misdemeanors pursuant to section 1170.18.

On August 7, 2015, the trial court denied defendant's petition, finding defendant's convictions were not qualifying felonies.

Defendant filed a timely notice of appeal from that order on August 31, 2015.

4

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting that this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). "Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)" (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now

5

a misdemeanor under Proposition 47 may petition for a recall of that sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) If a defendant properly seeks recall and resentencing pursuant to section 1170.18, subdivision (a), the trial court must grant resentencing unless, in its discretion, it determines resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term " 'unreasonable risk of danger to public safety,' " and subdivision (b) of the statute lists factors the court must consider in determining "whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subds. (b), (c).)

Here, the record of conviction supports defendant's convictions for assault with a deadly weapon (§ 245, subd. (a)(1)) and possession of a dirk or dagger concealed upon his person (former § 12020, subd. (a)(4)) as charged in the information. As such, defendant is "currently serving" a sentence for offenses that are ineligible under Proposition 47. Defendant was ineligible for resentencing as a matter of law.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order denying defendant's Proposition 47 petition for recall and resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


CODRINGTON
J.