Filed 3/11/16  P. v. Strahorn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078454 |
| v. | (Super. Ct. No. 14F6382) |
| DAVID NICHOLAS STRAHORN, | |
| Defendant and Appellant. | |

Defendant David Nicholas Strahorn pleaded no contest to one count of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and one count of resisting a peace officer (Pen. Code, § 148, subd. (a)).[1]  The trial court sentenced defendant to two years in county jail and also sentenced him to a consecutive 180 days in county jail for violating the conditions of his probation in another case.

In November 2014, defendant filed a petition for resentencing under section 1170.18, which was enacted by the voters in 2014 through the passage of Proposition 47. Defendant asked that his conviction for possession of methamphetamine be resentenced

---

[1] Undesignated statutory references are to the Penal Code.

1

as a misdemeanor. The trial court denied the petition, finding that defendant posed an unreasonable risk of danger to public safety.

Defendant now contends the trial court abused its discretion in denying his petition for resentencing. Finding no abuse of discretion, we affirm the trial court's order.

DISCUSSION

We need not recite the facts giving rise to the instant offenses because they are not relevant to the issue on appeal. "On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act . . . , which went into effect the next day. [Citation.]" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera,* at p. 1091.) As amended by Proposition 47, Health and Safety Code section 11377 now provides that a violation of that section is a misdemeanor, unless the defendant has a prior conviction for a "super strike" offense or for an offense that requires registration as a sex offender under section 290, subdivision (c). (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Prior to the passage of Proposition 47, possession of a controlled substance in violation of Health and Safety Code section 11377 was a wobbler, i.e., a crime that can be punished as either a felony or misdemeanor. (*People v. Lynall, supra*, 233 Cal.App.4th at p. 1108.)

Proposition 47 also created section 1170.18, which provides a new statutory remedy for a person currently serving a sentence for a conviction of a felony who would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense. (§ 1170.18, subd. (a).) Under section 1170.18, a person previously convicted of a felony, which would be a misdemeanor under Proposition 47, may petition the trial court for resentencing in accordance with Health and Safety Code section 11377 as amended. (§ 1170.18, subd. (a).)

2

Upon receiving a petition for resentencing, "the court shall determine whether the petitioner satisfies the criteria in [section 1170.18,] subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) An " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).) Thus, a "new violent felony" under this provision refers to the same super strike felonies that render a petitioner ineligible for resentencing under Health and Safety Code section 11377 as amended by Proposition 47. (See Health & Saf. Code, § 11377, subd. (a).)

As relevant here, a new violent felony under section 667, subdivision (e)(2)(C)(iv) includes "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv).) In determining whether the petitioner poses an unreasonable risk of committing a new violent felony, the trial court may consider the following: "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

We conclude the trial court's finding that defendant poses an unreasonable risk of danger to public safety under section 1170.18 is sufficiently supported by the record and does not constitute an abuse of discretion. The trial court's finding is based on defendant's criminal history, including his conviction for violating section 273d -- corporal punishment or injury of child. The probation report prepared in connection with

3

defendant's section 273d conviction concluded that defendant has a propensity to harm others. The report details defendant's lengthy criminal history which includes, among other things, four battery convictions, four resisting convictions, a public fighting conviction, a reckless driving conviction, a domestic violence conviction, and a conviction for possession of phencyclidine (PCP) with intent to manufacture. The probation report also reflects that defendant's prior performance on probation/parole was unsatisfactory. Defendant had a prior grant of probation terminate unsuccessfully and another revoked. He also violated parole seven times.

The trial court found that defendant has a history of violent conduct and that the facts underlying his section 273d conviction demonstrate he poses an unreasonable risk of committing a new serious and/or violent felony punishable by life imprisonment or death. In so finding, the trial court reviewed the file pertaining to defendant's section 273d conviction, including the transcript of the preliminary hearing. The testimony at the preliminary hearing indicates that defendant has a history of domestic violence, including pulling his wife to the ground by her hair and punching her in the face the day before he got into the physical altercation giving rise to his section 273d conviction. Defendant hit his wife so hard that he chipped one of her teeth. As for the physical altercation, the testimony indicates that when defendant's stepson attempted to protect his mother, after defendant and others used their vehicles to block the mother's vehicle, defendant punched the stepson numerous times and knocked him unconscious by slamming his head on the side of a truck. In addition to being knocked unconscious, defendant's stepson also suffered a swollen and crooked nose, a bruise under his left eye and on the side of his face, a split lip, a severely bruised collar bone, a sprained shoulder, and multiple abrasions. The testimony also indicates that defendant hit and pushed his wife after he knocked his stepson unconscious.

Given these facts, we conclude the trial court acted well within its discretion in denying defendant's petition for resentencing. Contrary to defendant's contention, the

4

trial court did not apply the wrong legal standard. The trial court expressly found that a new sentence would result in an unreasonable risk of danger to public safety within the meaning of section 667, subdivision (e)(2)(C)(iv). Specifically, the trial court found that defendant posed an unreasonable risk of committing a new serious and/or violent felony punishable by life imprisonment or death. Further, the trial court's decision to deny defendant's petition for resentencing was not so irrational or arbitrary such that no reasonable person could agree with it. (See *People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Because we find no abuse of discretion, we will not address defendant's argument regarding excess custody credits. Nor will we address the People's argument that defendant's plea bargain precludes application of Proposition 47, because the argument was raised for the first time on appeal and resolution of that issue is unnecessary to the disposition of defendant's appeal.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1170.18 is affirmed.

 

 

 

                                                                        /S/
                                                                 Mauro, J.

 

We concur:

 

 

/S/
Nicholson, Acting P. J.

 

 

/S/
Robie, J.