Filed 6/7/16  P. v. Fernando CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B265848 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA367193) |
| v. | |
| LLOYD R. FERNANDO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge.  Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 6, 2010, defendant and appellant Lloyd R. Fernando pled no contest to commercial burglary, grand theft, forgery, obtaining personal identifying information with intent to defraud, and receiving stolen property, with prior serious felony conviction and prior prison term enhancements. (Pen. Code, §§ 459, 487, subd. (a), 470, subd. (d), 530.5, subd. (c)(3), 496, 667, subds. (b)-(i), 667.5.)[1] These convictions apparently arose out of two different incidents: one on June 20, 2009, in which Fernando passed a forged check at a liquor store, and a second on July 1, 2009, in which Fernando was found in possession of stolen mail and the personal identifying information of 10 or more people. Fernando was sentenced to a prison term of three years and eight months.

Following the enactment of Proposition 47, Fernando petitioned on February 24, 2015, to have his felony convictions either resentenced or redesignated as misdemeanors. On June 17, 2015, the trial court denied Fernando's petition because the loss amount exceeded $950. Fernando timely appealed from the order of denial.

We appointed counsel to represent Fernando on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Fernando, and notified defendant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No supplemental brief was filed.

We have examined the entire record and determined that Fernando is not eligible for resentencing because he has not shown that the value of the property taken under any of the Proposition 47 eligible counts did not exceed $950.

Proposition 47, enacted by voters on November 4, 2014 and effective the following day, reduces certain drug and theft offenses to misdemeanors unless committed by ineligible defendants. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 provides, in pertinent part: "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the

---

[1]     All further references are to the Penal Code unless otherwise specified.

act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Under the code sections relevant here, Fernando is eligible for resentencing only if the value of the stolen property was $950 or less. For example, section 490.2, subdivision (a) [which was enacted by Proposition 47], provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." And section 496, subdivision (a) (receiving stolen property [as amended by Proposition 47]) provides that, "if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor."

Fernando's petition says nothing about the facts of his offenses and, at the hearing on his petition, Fernando failed to present any evidence demonstrating that the value of the property taken with respect to any of his Proposition 47 eligible offenses was less than $950. It is the defendant – not the People – who bears the burden of proof as to eligibility for relief under Proposition 47, including the $950 valuation cut-off (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880). Nevertheless, the only valuation evidence presented was by Fernando's defense counsel, who told the court: "I looked at the arrest report and the probation report, Your Honor. According to the reports, the amount of loss is in excess of $3,000 . . . ." The trial court, therefore, properly denied Fernando's Proposition 47 petition in its current form. (See *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 [inadequate "petition was completely 'devoid of any information' " about the offense].)

We are satisfied that appellate counsel has fully complied with her responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

3

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN, J.

4