Filed 8/10/16  P. v. Sanders CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064996 |
| v. | (Super.Ct.No. FVI902568) |
| ROLAND SANDERS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Allison V.

1

Hawley, and Samantha L. Begovich, Deputy Attorneys General, for Plaintiff and Respondent.

In 2010, Roland Hayes Sanders, Jr., received a sentence of 14 years 8 months in prison after being convicted of several counts related to an attempt to evade law enforcement by breaking into a home, detaining the residents, and otherwise resisting law enforcement officers. One of those years was based on a one-year prison prior enhancement for a 2008 felony drug possession conviction which the superior court later reclassified as a misdemeanor under The Safe Neighborhoods and Schools Act (Proposition 47). Sanders appeals from the superior court's order denying his request to strike the enhancement from his 2010 sentence. We affirm because Proposition 47 does not authorize courts to strike or dismiss sentence enhancements retroactively.

# I

## FACTUAL BACKGROUND

Following a jury trial in 2010, the trial court sentenced Sanders to an aggregate prison term of 13 years 8 months for committing four counts of false imprisonment for purposes of protection from arrest (Pen. Code, § 210.5), four counts of making criminal threats (Pen. Code, § 422), one count of obstructing or resisting an executive officer (Pen. Code, § 69), and two misdemeanor counts of obstructing or resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). In addition, the trial court imposed a one-year sentence enhancement based on an admitted prison prior (Pen. Code, § 667.5, subd. (b)) Sanders suffered in 2008 for violating Health and Safety Code section 11350, subdivision (a).

2

With the passage of Proposition 47 in November 2014, Sanders' prison prior felony offense became eligible for resentencing as a misdemeanor. On February 11, 2015, the superior court granted Sanders' request to reclassify the felony conviction as a misdemeanor. Sanders then asked the superior court to strike the prison prior enhancement of his 2010 conviction based on the reclassified 2008 drug conviction. On December 11, 2015, the superior court held a hearing and denied the request.

## II

## DISCUSSION

We interpret voter initiatives like Proposition 47 de novo, applying the same principles that govern construction of statutes passed by the Legislature. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.) "'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]'" (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) "In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008.)

3

Sanders contends the superior court erred by denying his request to strike the one-year enhancement of his 2010 sentence that was based on his 2008, now reclassified, drug conviction after his 2010 conviction was final and he had begun serving his prison sentence. Several courts have found Proposition 47 does not apply retroactively to Penal Code section 667.5, subdivision (b) enhancements in cases where the judgment imposing the enhancement has become final.[1] We reach the same conclusion.

Proposition 47 changed portions of the Penal Code to reclassify as misdemeanors "certain drug- and theft-related offenses" that were previously punishable as felonies or wobblers. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 also created two procedures making those changes available to offenders who had previously been convicted of reclassified offenses. (§ 1170.18;[2] *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1217.) If the offender is "currently serving a sentence for a *conviction*" of a felony that "would have been . . . a misdemeanor" had Proposition 47 been in effect at the time of the offense, he "may petition for a recall of sentence before the trial court that entered the judgment of *conviction* in his or her case." (§ 1170.18, subd. (a), italics added.) If the offender "has completed his or her sentence," he or she "may file an application before the trial court that entered the judgment of conviction in

---

[1] The California Supreme Court has granted review on several of these cases. (See *People v. Valenzuela*, review granted Mar. 30, 2016, S232900; *People v. Carrea*, review granted Apr. 27, 2016, S233011; *People v. Williams*, review granted May 11, 2016, S233539; *People v. Ruff*, review granted May 24, 2016, S233201.)

[2] Unlabeled statutory citations refer to the Penal Code.

his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) Section 1170.18, subdivision (k), further provides, "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes," except for ownership of a firearm.

Section 667.5 requires "[e]nhancement of prison terms for new offenses because of prior prison terms." Under subdivision (b), "where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term." (§ 667.5, subd. (b).)

Nothing in the plain language of Proposition 47 provides a remedy for someone who is currently serving a sentence for an *enhancement* and not a *conviction*. Section 1170.18 refers only to convictions and persons who are currently serving, or who have already served, sentences for convictions. Sanders is not currently serving a sentence on the convictions that were reclassified to misdemeanors; he is serving on the enhancements. Nothing in the language of section 1170.18 provides a procedure for reaching back and resentencing on an enhancement when a case is final and the current conviction is ineligible for resentencing.

Moreover, nothing in the language of section 1170.18 indicates voters intended it to be applied retroactively to enhancements on convictions that are final and do not

5

qualify under Proposition 47. Section 3 specifies that no part of the Penal Code "is retroactive, unless expressly so declared." "[T]he language of section 3 erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] . . . must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective." ' " (*People v. Brown* (2012) 54 Cal.4th 314, 324.)

Section 1170.18 provides no express retroactive provision except as previously discussed regarding reducing a *conviction* on which a sentence is currently being served. Moreover, section 1170.18, subdivision (n) provides, "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." The intent from the language is clear; it was not to disturb final judgments of conviction which do not fall under Proposition 47. Here, Sanders was convicted of several offenses the parties agree are not affected by Proposition 47. There is no language in section 1170.18 indicating it was intended to have the retroactive collateral consequences Sanders requests.

Contrary to Sanders' contention, *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) does not support a different conclusion. In *Flores*, the defendant was convicted in 1977 for the sale of heroin and his sentence was enhanced due to a 1966 felony conviction for the possession of marijuana. (*Id.* at pp. 470-471.) However, in 1976, the

6

Legislature amended the statute, reducing the punishment for possession of marijuana to a misdemeanor. On *direct appeal* of the 1977 sale of heroin conviction, the appellate court found the 1976 amendment applied to all new sentences and the enhancement could not be imposed. (*Id.* at pp. 470-474.) *Flores* does not authorize the retroactive application Sanders seeks in this case. In *Flores*, the retroactivity/reduction in punishment issue arose on appeal of the current crimes, whereas here, Sanders' 2010 conviction and sentence was final long before Proposition 47's enactment.

Sanders also relies on *People v. Park* (2013) 56 Cal.4th 782 (*Park*), which is distinguishable from this case.[3] In *Park,* the defendant's sentence for his current crimes included a five-year enhancement under section 667, subdivision (a) for a prior serious felony conviction. Before the defendant committed his current crimes, the trial court reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3), and then dismissed it pursuant to section 1203.4, subdivision (a)(1). (*Park*, at pp. 787-788.) On review of his current convictions, the appellate court held the conviction for the prior offense remained a prior serious felony for purposes of sentence enhancement under section 667, subdivision (a), but the California Supreme Court disagreed. "[W]hen the court in the *prior proceeding* properly exercised its discretion by reducing the . . . conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony*

---

[3] Sanders relies on *People v. Buycks* (2015) 241 Cal.App.4th 519; however, the California Supreme Court granted review of that case after Sanders filed his brief, rendering the case superseded and not citable. (*Ibid.*, review granted Jan. 20, 2016, S231765; Cal. Rules of Court, rule 8.1105(e)(1).)

within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*Park*, at p. 787, first italics added.) The situation is different in this case. Here, the prior conviction was not reduced to a misdemeanor until *after* Sanders committed the new felony offense, and after the sentence for that new offense was final. *Park* is not controlling where a sentence is final and thereafter a prior conviction which was used as an enhancement is reduced to a misdemeanor.

We conclude section 1170.18, subdivisions (a), (b), (f), and (g) explicitly allow offenders to request and courts to grant retroactive designation of offenses such as Sanders' prison prior, but no provision allows offenders to request, or courts to order, the retroactive striking of an enhancement based on a redesignated prior offense. Absent such an express provision, we cannot apply the statute retroactively. (§ 3.)

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
_____
J.

We concur:

McKINSTER _____
P. J.

8

MILLER

J.