Filed 8/7/23  P. v. Hodges CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B317734 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. MA021980 |
| v. | |
| RUFUS HODGES, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Garcia, Judge. Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Chung L. Mar and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant Rufus Hodges, Jr. (Hodges) of two counts of second degree robbery and found him not guilty of one count of receiving stolen property. Hodges later filed a petition under the Safe Neighborhoods and Schools Act, commonly known as Proposition 47, which allows persons convicted of certain theft-related offenses to have those offenses reduced to misdemeanors. The court denied Hodges's petition, finding none of Hodges's convictions qualify for relief under Proposition 47. On appeal, Hodges argues the court should have reduced his receiving stolen property conviction to a misdemeanor. Because Hodges was not convicted of receiving stolen property and his robbery convictions do not qualify for relief under Proposition 47, the court properly denied Hodges's resentencing petition. We therefore affirm.

## PROCEDURAL BACKGROUND[1]

In 2001, the People charged Hodges with two counts of second degree robbery (Pen. Code,[2] § 211; counts 1 & 2) and one count of receiving stolen property (§ 496, subd. (a); count 3). The People alleged that Hodges suffered four prior serious or violent felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and two prior serious felony convictions (§ 667, subd. (a)(1)).

A jury found Hodges guilty of both counts of robbery and not guilty of receiving stolen property. The trial court found true the prior conviction allegations and sentenced Hodges to a total

---

[1] Because the facts underlying Hodges's convictions are not relevant to the issues raised in this appeal, we provide only a summary of the lower court proceedings.

[2] All undesignated statutory references are to the Penal Code.

2

term of 60 years to life in prison. Hodges's convictions were affirmed in 2004.[3] (*People v. Hodges* (Jan. 29, 2004, B162303) [nonpub. opn.].)

In 2021, Hodges filed a resentencing petition under section 1170.18. The trial court denied the petition, finding none of Hodges's convictions qualify for resentencing.

Hodges appeals.

## DISCUSSION

In 2014, California voters enacted Proposition 47, which makes certain theft- and drug-related offenses punishable as misdemeanors rather than felonies. (§ 1170.18; *People v. Page* (2017) 3 Cal.5th 1175, 1179.) Proposition 47 provides in relevant part: "(a) A person … [currently] serving a sentence for a conviction ... of a felony ... who would have been guilty of a misdemeanor under the act ... had this act been in effect at the time of the offense may petition for a recall of sentence ... to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).)

Proposition 47 also created a resentencing procedure under section 1170.18, through which a person "serving a felony sentence at the time of Proposition 47's passage may be

---

[3] The reviewing court in Hodges's first appeal noted that Hodges was sentenced to 50 years to life in prison. According to the sentencing minute order from Hodges's trial, however, the trial court imposed a term of 25 years to life for count 1, and a consecutive term of 25 years to life plus an additional 10 years for two prior serious felony convictions for count 2, for a total sentence of 60 years to life. Hodges's abstract of judgment also reflects the court sentenced him to 60 years to life in prison. Thus, the record reflects Hodges was sentenced to 60, not 50, years to life in prison.

resentenced to a misdemeanor term if the person 'would have been guilty of a misdemeanor under [Proposition 47] had th[e] act been in effect at the time of the offense.' " (*People v. Page*, *supra*, 3 Cal.5th at p. 1179; § 1170.18, subd. (a).) If a petitioner meets the statutory criteria set out in section 1170.18, the court shall recall the petitioner's sentence and resentence the petitioner to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109; § 1170.18, subd. (b).)

The petitioner bears the burden of proving eligibility for relief under section 1170.18 by a preponderance of the evidence. (*People v. Zorich* (2020) 55 Cal.App.5th 881, 886.) We independently review an order denying a resentencing petition where the court's decision turns on undisputed facts. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.)

As Hodges recognizes, his two robbery convictions are not eligible for relief under Proposition 47. (§ 1170.18, subd. (a) [robbery is not listed as an eligible offense].) Instead, Hodges argues the court should have reduced his receiving stolen property conviction because that offense is eligible for resentencing under section 1170.18 and the People never proved the property that he possessed was worth at least $950. But Hodges was not convicted of receiving stolen property. Indeed, as we noted above, the jury acquitted Hodges of that charge in 2002.[4] Hodges does not argue, nor has he otherwise shown, that he suffered any convictions that qualify for resentencing relief

---

[4] It appears Hodges bases his argument on a 2013 minute order denying one of his petitions for habeas corpus, which erroneously states that "[f]ollowing a jury trial in 2002, [Hodges] was found guilty of violations of Penal Code § 211 and § 496."

under Proposition 47. The trial court therefore properly denied Hodges's resentencing petition.

## DISPOSITION

The order denying the resentencing petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ADAMS, J.